Danny Allen **DAVIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15880.

United States Court of Appeals
Fifth Circuit.

March 16, 1956.

Danny Allen Davis, in pro. per.

William O. Braecklein, Asst. U. S.
Atty., Dallas, Tex., Heard L. Floore, U.
S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge,
and RIVES and BROWN, Circuit
Judges.

PER CURIAM.

Under 28 U.S.C.A. § 2255 appellant
questioned the validity of his conviction
for possessing a narcotic drug in viola-
tion of 26 U.S.C.A. § 2553(a) and five
year sentence as a second offender under
26 U.S.C.A. § 2557(b) (1).   Upon ar-
raignment, appellant refused the ap-
pointment of counsel and pleaded guilty.
The following then occurred

"The Court: We will impose a
sentence of two years, United States
Prison, by the Attorney General,
with hospitalization recommended.

"Mr. Binion: Your Honor, there
is an information that has been filed
by Mr. West showing a prior convic-
tion under the Boggs Act, and there-
fore—under the Boggs, it would be
give (sic) years minimum, Your
Honor.   This is a prior conviction.

"The Court: Call his attention to
it and see if he denies it.

"Mr. Binion: Do you deny this
prior conviction as alleged in the in-
formation filed herein?

"Mr. Davis: I didn't do narcotics.

"Mr. Binion: Read it to him, Bill.

"Mr. West: It says here in our
information that on March 23, 1950,
at Dallas that you were arrested for
violation of the Marijuana Tax Act
and on May 11, 1950 you were sen-
tenced to two years and released on
December 18, 1951.

"Mr. Binion: Do you admit that?

"Mr. Davis: Yes, sir.

"The Court: Being arraigned a
second time on the matter, I believe
you say the minimum would be five?

"Mr. Binion: Yes, sir.

"The Court: I was thinking the
minimum would be ten in that case.

"Mr. Binion: No, that is a third.

"The Court: A third offense?

"Mr. Binion: Yes, sir.

"The Court: All right, we will
have to impose a sentence of five
years in this matter but we will still
recommend hospitalization."

The burden of appellant's complaint
is that after his prior conviction had
been called to the attention of the Court,
he was not again offered the aid of coun-
sel, the appellant relying on Glasser v.
United States, 315 U.S. 60, 62 S.Ct. 457,
86 L.Ed. 680 and Johnson v. Zerbst, 304

U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. We do not think that those decisions nor any other require that the offer of counsel be repeated because of the more severe punishment made necessary by the prior conviction.

Appellant does not even yet claim that he was innocent of either the first or second offense. He received the minimum sentence for the second offense. It is difficult to see how counsel could have helped him any more than did the court.

Affirmed.